# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO
_____

FRANK CARTER, Jr.,

        Petitioner,

vs.                                         No.CIV 97-824 MV/WWD

JOE WILLIAMS, Warden,

        Respondent.

## MAGISTRATE JUDGE'S PROPOSED FINDINGS
## AND RECOMMENDED DISPOSITION

    1.  THIS MATTER comes before this Court upon petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, filed June 17, 1997.  Mr. Carter is currently incarcerated and is proceeding *pro se* and *in forma pauperis*.  Petitioner is confined pursuant to the judgment, sentence and commitment of the Second Judicial District Court in Bernalillo County for the crimes of burglary and larceny.

    2.  The government concedes exhaustion as to all of the claims in the petition.  These are:

(1)  the burglary conviction was not supported by substantial evidence (due process);
(2)  the trial court erred in admitting shoeprint evidence (due process);
(3)  ineffective assistance of counsel by failing to investigate witnesses;
(4) trial court failed to strike testimony regarding prior bad act (due process);
(5) violation of right to speedy trial under Sixth and Fourteenth Amendments in trial court's denial of motion to dismiss;
(6) nine and a half month delay between arrest and trial constituted violation of right to speedy trial under Sixth and Fourteenth Amendments;
(7) use of false testimony during trial violated due process.

    3.  Most of petitioner's claims should be dismissed on the basis of deference to state court findings, as adequately set out in portions of the state record which have been submitted with the

Answer.  Under the relatively new federal habeas amendments ("AEDPA"),[1] factual findings from

state court proceedings are presumed correct unless rebutted by clear and convincing evidence.  28

U.S.C. § 2254(e)(1).  State determinations of legal questions or mixed questions of fact and law are

now also given deference.

4.   Under AEDPA, a federal court may grant habeas relief if, and only if, the "decision"

resulting from that adjudication was "contrary to . . . clearly established Federal law, as determined

by the Supreme Court of the United States," or involved an "unreasonable application of law," or an

"unreasonable determination of the facts in light of the evidence" presented at the state level.  §

2254(d).

**Claim One - Insufficient Evidence**

5.   Petitioner claims that the evidence was insufficient to support his convictions because he

did not have stolen property on him when he was found and because the shoeprint evidence from a

kicked-in door was blurry.  The court of appeals examined the available evidence, including evidence

presented which showed that petitioner was seen walking away from the vicinity on the day of the

burglary toward the flea market carrying an object that looked like the stolen microwave.  A

television, which had also been stolen, was left outside the residence.  Ans., Ex. 6 at 4-5.  The shoe

print on the door was similar in size and pattern to the shoes worn by petitioner.

6.   The court found that it was reasonable for the jury to infer that defendant had stolen the

microwave and television set, and that he had left the shoe print on the door in kicking it in to gain

---

[1]  Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub.L.No. 104-132, tit.I, sec. 104 (to be codified at 28 U.S.C. §§ 2254(d),(e) (April 24, 1996), generally applying only to cases filed after the Act became effective.  See Lindh v. Murphy, __ U.S. __, 117 S.Ct. 2059, 2068 (1997).

entry.  The court was unwilling to substitute its judgment for that of the jury when it was based on sufficient evidence, either direct or circumstantial.

     7.   The standard for a sufficiency of evidence determination in federal case law looks to a similar standard.  See Lucero v. Kerby et al, 1998 WL 4403 (10th Cir.(N.M.)) (in reviewing a sufficiency of evidence claim, court asks whether, "after reviewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt") (quoting Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979)).  I find nothing unreasonable either in the state's determination of the facts or in the way the law was applied for this claim.  Thus, this claim lacks merit and should be dismissed.

**Claim Two - Shoeprint Evidence**

     8.   Petitioner next alleges that use of the shoeprint evidence violated his due process rights because there was no foundation laid for the testifying officer's expertise in comparing and identifying shoeprints and that no rational jury would have relied on this evidence.  At trial, Officer Cunningham testified that the shoe print impression on the door gave a general idea of the size and sole pattern of the type of shoe that made the shoe print.  The shoes were admitted without objection and the jury was allowed to view both the shoes and the photograph.

     9.   The state court found that, contrary to petitioner's contentions on direct appeal, there was nothing in the officer's testimony which could be viewed as conclusive testimony linking a shoe print with the accused or which required the officer to be qualified as an expert.  Ans., Ex. 6 at 4. As such, no foundation was necessary qualifying the officer as a witness.

10.   This claim should also be dismissed, deferring to state court findings.  In contesting the court's application of evidentiary rules, petitioner has not shown any error so prejudicial as to render the entire proceeding fundamentally unfair.  Martin v. Kaiser, 907 F.2d 931, 934 (10th Cir. 1990); see also Marshall v. Lonberger, 459 U.S. 422, 438 n.6 (1983) ("Due Process Clause does not permit the federal courts to engage in a finely tuned review of the wisdom of state evidentiary rules").

**Claim Three - Ineffective Assistance of Counsel**

11.   Mr. Carter alleges that counsel at trial failed to investigate alibi witnesses.  The state court found "nothing in the record to indicate that Defendant's counsel was remiss in investigating the unnamed witnesses. . .".  Ans., Ex. 6 at 6.  The court also noted that the evidence showed conflicting alibi stories[2] and that the jury was entitled to its own credibility determinations.

12.   Ineffective assistance of counsel is proven if : 1) counsel's representation falls below the objective standards of "reasonableness under prevailing professional norms" considering all circumstances; and 2) actual prejudice results from the inadequate legal representation.  Strickland v. Washington, 466 U.S. 668 (1984).  The primary issue raised by a claim of ineffective assistance of counsel is whether "counsel's unprofessional errors so upset the adversarial balance between defense and prosecution that the trial was rendered unfair and the verdict rendered suspect."  Kimmelman v. Morrison, 477 U.S. 365, 374 (1986); accord, United States v. Glover, 97 F.3d 1345, 1349 (10th Cir. 1996).

13.   In his federal petition, Mr. Carter fails to offer any evidence, much less the required "clear and convincing" evidence to rebut the state court's finding that petitioner's prospect of alibi

---

[2] Petitioner claimed he met the alleged alibi witnesses at the flea market yet previously had also claimed that he was at his parents' home at the time of the burglary.

4

witnesses was merely speculative.  Failure to interview a witness is not prejudicial where there is no

showing that the witness would corroborate an alibi defense.  See, Washington v. Watkins, 655 F.2d

1346, 1363 (5th Cir.), cert.denied, 456 U.S. 949 (1982).  Petitioner should therefore be denied relief

on this claim.  See United States v. Haddock, 12 F.3d 950, 955 (10th Cir. 1993) (court can dispose

of an ineffectiveness claim for lack of prejudice, without determining whether the alleged errors were

legally deficient).

**Claim Four - Due Process Violation in Failing to Strike Testimony**

14.   Petitioner contends that his right to due process was violated by the trial court's failure

to strike testimony regarding a previous business transaction characterized as a prior bad act by the

government.  Petitioner is correct that this claim was never raised on appeal, but raised for the first

time in his state habeas petition.[3]  The New Mexico courts routinely dismiss claims not involving

fundamental error for failure to raise in the direct appeal.  State v. Gillihan, 86 N.M. 439, 440, 524

P.2d 1335, 1336 (1974) (post-conviction procedures are not a substitute for direct appeal when the

facts were known or available to petitioner at the time of trial).

15.   Petitioner shows neither cause nor prejudice, nor a fundamental miscarriage of justice to

overcome the procedural bar.  Thus, I need not reach the merits of this claim.  See Sawyer v.

Whitley, 505 U.S. 333, 338 (1992) (court may not reach the merits of procedurally defaulted claims

in which the petitioner failed to follow applicable state procedural rules in raising the claims).

However, even on its merits, the claim would fail.  Petitioner contends that the trial court should

have stricken testimony regarding a previous business transaction "that turned sour" between him

---

[3] Curiously, his state habeas petition was denied on the basis that "each of the issues as set
out in the petition . . . was considered and decided by the Court of Appeals."  Ans., Ex. 10.

and the victim, instructing the jury to disregard it.  He concedes that the court ordered that the testimony not be admitted.

16.   Petitioner's claim has no merit, because even had this testimony been admitted, the trial court's ruling would not have rendered the trial so fundamentally unfair as to constitute a denial of petitioner's federal constitutional rights. Duvall v. Reynolds, 131 F.3d 907, 926 (10th Cir. 1997) (quoting Hopkinson v. Shillinger, 866 F.2d 1185, 1197 (10th Cir.1989) )("[W]e will not disturb a state court's admission of evidence of prior crimes, wrongs or acts unless the probative value of such evidence is so greatly outweighed by the prejudice flowing from its admission that the admission denies defendant due process of law"), overruled on other grds, Roberts v. Champion, 131 F.3d 152, (10th Cir. 1997).

**Claims Five and Six - Right to Speedy Trial**

17.   Petitioner's fifth and sixth claims both allege violations of petitioner's Sixth and Fourteenth Amendment rights to a speedy trial.  Petitioner claims that the nine and a half month delay between his arrest and trial caused an irretrievable loss of alibi witnesses.

18.   The speedy trial issue in federal habeas involves a mixed question of law and fact. § 2254(d); Glidewell v. Burden, 822 F.2d 1027, 1028 (11th Cir. 1987).  In this case, petitioner's right to a speedy trial was triggered on February 19, 1993 when he was arrested and held in custody pending trial.  See Salandre v. State, 111 N.M. 422, 425 (1991) (citing United States v. MacDonald, 456 U.S. 1, 6 (1982)); United States v. Marion, 404 U.S. 307, 320 (1971).  Mr. Carter's trial began on December 14, 1993, just under 10 months from the time of his arrest.

19.   In determining whether delay should be considered presumptively prejudicial in a case involving "simple charges and readily-available evidence," the presumption in New Mexico is nine

months.  Salandre, 111 N.M. at 428 (citing Barker, 407 U.S. at 528) (recognizing that a nine-month

delay may be unacceptable under certain circumstances in jurisdiction with a six-month rule).

However, there is no bright line beyond which a pretrial delay automatically triggers a full Barker

analysis.  Rather, the need for inquiry depends on the peculiar circumstances of the case.  Harvey v.

Shillinger, 76 F.3d 1528, 1533 (10th Cir. 1996); see also Baca v. Udall, unpubl. op., 1995 WL

135658 *4 (10th Cir. (N.M.)) (defendant's right to a speedy trial cannot be established by any

inflexible rule but must be determined on *ad hoc* basis).

20.    The state court of appeals found that petitioner showed no prejudice resulting from the

delay.  Ans., Ex. 6 at 2.  Neither the identity nor the whereabouts of these witnesses were known to

defendant.  Even had they been known, defendant did not indicate the anticipated substance of the

witnesses' testimony.  The court held that mere speculation did not establish prejudice.  Petitioner

does not add any other evidence to this claim in his federal habeas petition.  Although the claim was

addressed in the state court as a review of the trial court's denial of a motion to dismiss based on

post-indictment delay, the court of appeals relied on case law which rested on the principles

underlying the right to a speedy trial as laid out in Barker, the seminal federal case regarding the

right to a speedy trial.  Accordingly, I find that there was no violation of petitioner's Sixth

Amendment right to a speedy trial.

21.    Petitioner also claims that his due process rights under the Fourteenth Amendment were

violated by the delay.  This claim deserves no relief.  This claim requires a specific showing of

identifiable prejudice, which he has failed to present.  See United States v. Comosona, 614 F.2d 695,

697 n.3 (10th Cir. 1980).  Therefore, petitioner's fifth and sixth claims should be dismissed.

**Claim Seven - Due Process violation in Use of False Testimony at Trial**

22.   Knowing use of perjured testimony by the prosecution violates a defendant's due process rights.  United States v. Wolny, 1998 WL 2480 (10th Cir. (Utah)) (citing Giglio v. United States, 405 U.S. 150, 153 (1972)).   For perjured testimony to provide grounds for vacation of his conviction, a petitioner must show:  (1) that the testimony was false, (2) that it was material, and (3) that it was knowingly and intentionally used by the government to obtain a conviction.  Id.

23.   Petitioner alleges that the use of false testimony given by the arresting officer violated his right to due process under the Fourteenth Amendment.  He points to an inconsistency in the officer's testimony regarding statements made by petitioner during his arrest. The officer allegedly stated that petitioner said he was at the apartment during the time of the robbery, but had previously testified that Mr. Carter had refused to make any statements during his arrest.

24.   Even viewing these statements to be inconsistent, they do not rise to the level of perjured testimony.  See Tapia v. Tansy, 926 F.2d 1554, 1563 (10th Cir.) cert. denied, 502 U.S. 835, 112 S.Ct. 115 (1991) ("Contradictions and changes in a witness's testimony alone do not constitute perjury and do not create an inference, let alone prove, that the prosecution knowingly presented perjured testimony").  Further, neither statement is material to his conviction, in light of the fact that neither of them conflict with the different alibi stories petitioner himself offered, as noted by the court of appeals when reviewing the record.  See ¶ 11, above; cmp. Smith v. Roberts, 115 F.3d 818,820 at n.2 (10th Cir. 1997) (where testimony was admittedly false, petitioner still not entitled to relief because the prosecution did not knowingly use the testimony at trial and because the new evidence, while impeaching, did not itself eliminate the basis for the conviction).

25.   Petitioner's characterization of these statements thus remains a conclusory allegation of perjury which is not cognizable in a federal habeas petition.  See McBride v. United States, 446 F.2d

229, 232 (10th Cir.1971) (petitioner is not entitled to relief in habeas corpus where he merely makes conclusory allegations of perjury).

**Recommendation**

I recommend that the petitioner's application for Writ of Habeas Corpus, filed June 17, 1997, be **denied** and that this cause be **dismissed with prejudice**.

Within ten days after a party is served with a copy of these proposed findings and recommendations that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such proposed findings and recommendations.  A party must file any objections within the ten day period allowed if that party wants to have appellate review of the proposed findings and recommendations. If no objections are filed, no appellate review will be allowed.

UNITED STATES MAGISTRATE JUDGE